UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|       Plaintiff-Respondent, | ) |
| | ) |
| v. | )   Case No. 4:18-cr-40065-SLD |
| | ) |
| LEE DWAYNE GRAY, | ) |
| | ) |
|       Defendant-Petitioner. | ) |

ORDER

Before the Court is *pro se* Petitioner Lee Dwayne Gray's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("2255 Motion"), ECF No. 45 at 2–13. For the following reasons, the motion is DENIED.

**BACKGROUND**

On December 18, 2018, a grand jury returned a three-count indictment against Petitioner. Indictment, ECF No. 1. Attorney Brian P. Mullins was appointed to represent him. *See* Jan. 8, 2019 Min. Entry. Two months later, Mullins withdrew, *see* Apr. 2, 2019 Min. Entry, and Attorney Andrew M. Larson was appointed in his stead, *see, e.g.*, June 19, 2019 Min. Entry.

On August 20, 2019, a grand jury returned a superseding indictment charging Petitioner with one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B) ("Count I"); one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2) ("Count II"); and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) ("Count III"). Superseding Indictment, ECF No. 14. On March 11, 2020, Petitioner pleaded guilty to all three counts pursuant to a written plea agreement. *See* Plea Agreement, ECF No. 18; Mar. 11, 2020 Min. Entry; Accept. Plea & Not. Sentencing, ECF No. 24 (accepting Petitioner's

1

plea). Ultimately, on September 11, 2020, Petitioner was sentenced to 120 months on Count I; 120 months on Count II; and 60 months on Count III. *See* Sept. 11, 2020 Min. Entry. Judgment was entered September 14, 2020. Judgment, ECF No. 38.

Petitioner avers his 2255 Motion was placed in the prison mailing system on March 6, 2023. *See* 2255 Mot. 13. In his motion, he asserts "only one claim: actual innocence of the 18 U.S.C. § 924(c) charge," Count III. *Id.* at 5; *see also id.* at 13 (asking that the charge be "removed as untenable" and to be resentenced "without such"). He also "claim[s] that tolling should be applied allowing [him] to file an ineffective assistance of counsel claim. That should as well be reviewed for merit." *Id.* at 5; *see also id.* at 10, 12. The Court construes this as a request to amend Petitioner's 2255 Motion to assert ineffective assistance of counsel claims related to his actual innocence claim. *See id.* at 10 (asking "for tolling to be applied . . . because certain issues needed to be argued under the auspices of ineffective assistance of counsel").

In a response fashioned as a motion to dismiss, the Government asks the Court to deny any proposed amendments as untimely. Resp. 2255 Mot. 1, ECF No. 50. The Government also argues that Petitioner's actual innocence claim is "without merit and should be denied." *Id.* Petitioner did not timely file a response, so the 2255 Motion is now ripe for review. *See* July 17, 2023 Text Order (extending Petitioner's reply deadline).

## DISCUSSION

### I. Legal Standard

A prisoner in federal custody may move the court that imposed his sentence to vacate, set aside, or correct it. 28 U.S.C. § 2255(a). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521

(7th Cir. 2007). Accordingly, such relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255(a)).

But a prisoner does not have infinite time to file his motion. For motions pursuant to § 2255,

> [t]he limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The rule, then, is that a § 2255 motion "is subject to a one-year time limitation that generally runs from the date on which the judgment of conviction becomes final," *Clay v. United States*, 537 U.S. 522, 524 (2003) (quotation marks omitted), unless an exception enumerated above applies to "restart[]" the clock, *see Roundtree v. Krueger*, 910 F.3d 312, 314 (7th Cir. 2018). Equitable tolling is also available under the statute; to qualify, "a petitioner must show: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Boulb v. United States*, 818 F.3d 334, 339–40 (7th Cir. 2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The

petitioner seeking the tolling has the burden of demonstrating both elements. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016) (citing *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008)).

## II. Analysis

Before addressing Petitioner's actual innocence claim, the Court begins with the timeliness of Petitioner's proposed amendments. To review the timeline, judgment was entered on September 14, 2020. Petitioner filed no appeal, so his judgment of conviction became final on September 28, 2020. *See Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013). Therefore, he had until September 28, 2021 to timely file this motion. *See* 28 U.S.C. § 2255(f)(1). However, his motion was filed in March 2023. *See* 2255 Mot. 13. Nevertheless, he requests equitable tolling, explaining that, once he was "sentenced and sent to prison, [he] began the due diligence of researching [his] charges and what common defenses fight said charges." Mem. Supp. 2255 Mot. 5, ECF No. 45-1. He identifies "[t]he most major impediment" to timely filing as "the act of learning the law," especially because he "do[es] not have an extensive education" and experiences difficulties with reading and comprehension. *Id.* Restrictions imposed due to the COVID-19 pandemic further hampered him: "For most of 2020 and part of 2021[,] . . . prisoners [were] locked down and access to the law library [was] denied." *Id.* Once access was returned, Petitioner "began again [his] studies." *Id.* Thus, "[i]t has taken [him] from the date of [his] sentencing until today for [him] to draft this appeal." *Id.*

The Court finds that these do not constitute exceptional circumstances justifying equitable tolling. *See Boulb*, 818 F.3d at 340 ("Equitable tolling is rare and reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." (quotation marks omitted)); *Carpenter*, 840 F.3d at 870 ("Although not a chimera—something

4

that exists only in the imagination, equitable tolling is an extraordinary remedy that is rarely granted." (citations and quotation marks omitted)). As the Seventh Circuit has commented, a prisoner's lack of legal representation, training, and knowledge are not by themselves enough to justify equitable tolling. *See Socha v. Boughton*, 763 F.3d 674, 685 (7th Cir. 2014) ("The statutory deadlines would be meaningless if . . . these common problems were enough to override the normal rules."). Petitioner acknowledges this hurdle in the precedent, *see* Mem. Supp. 2255 Mot. 5–6 (listing lack of legal knowledge among "numerous" circumstances that do not justify equitable tolling under Seventh Circuit precedent and "wonder[ing] when tolling does apply"), but argues that here, he "present[s] such [circumstances] as well as COVID interfering" with his ability to file, *id.* at 6. However, the pandemic's "mere existence" cannot warrant tolling "without some explanation of how it prevented a § 2255 movant from timely filing." *United States v. Reeves*, Case No. 14-cv-1588, 2022 WL 17832713, at *7 (N.D. Ill. Dec. 21, 2022) (quotation marks omitted). Although Petitioner generally asserts that he had limited access to the law library due to COVID-19, the Seventh Circuit has held that a prisoner's limited access to a prison law library is not grounds for equitable tolling, *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). And, crucially, he adduces no specific facts in support of his motion; he does not describe, for instance, the manner in which his access to the law library was restricted or the specific steps he took to research the law. Accordingly, the Court does not find it would be appropriate to exercise equitable tolling in this case. This is not to say that Petitioner did not encounter obstacles in his preparation of the 2255 Motion, but that the Court finds "nothing atypical about [his] purported difficulties" such that equitable tolling would be justified, *see id.* at 734, even considering those difficulties together. Thus, to the extent Petitioner seeks to amend his 2255 Motion to assert ineffective assistance of counsel claims, that request is

5

denied. *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts . . . have broad discretion to deny leave to amend [under Federal Rule of Civil Procedure 15(a)] where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." (quotation marks omitted)); *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999) (district courts rely on Fed. R. Civ. P. 15(a) in determining whether to grant motions to amend motions under 28 U.S.C. § 2255).

The Government does not challenge the timeliness of Petitioner's actual innocence claim. *See* Resp. 2255 Mot. 18. However, that claim lacks merit. Petitioner maintains he is actually innocent of Count III, the 18 U.S.C. § 924(c) charge, because "[d]rugs were never found on [his] person at the same time as the gun and vice versa." Mem. Supp. 2255 Mot. 7; *see also id.* at 8 ("[T]he gun was never possessed a[t] the same time the drugs were possessed . . . . [O]nly conjecture provides any proximity of the drugs and gun together."); *id.* at 10 ("[T]he gun was never possessed at the same time drugs were also possessed by me."). But, as an initial matter, Petitioner waived his right to bring this kind of collateral attack in his plea agreement. *See* Plea Agreement ¶ 12. ("The defendant's waiver of appeal and collateral attack rights includes, but is not limited to, the waiver of the right to bring any claim that . . . the conduct to which the defendant admitted did not fall within the scope of the statute(s)."). And, in that plea agreement, Petitioner "stipulate[d] and admit[ted]" that, on or about July 7, 2018, police officers observed what laboratory tests revealed to be 30 grams of "100% pure" methamphetamine in his vehicle, *id.* ¶ 26; then, on or about November 29, 2018, agents encountered Petitioner, arrested him on active warrants and for driving with a suspended license, and searched his vehicle to find a revolver, scales, ammunition, a cell phone, drug paraphernalia, and a drug ledger, *id.* Petitioner

"said he bought the gun a couple of weeks prior in exchange for three grams of ice methamphetamine and one hundred dollars." *Id.*

Petitioner contends Count III cannot be sustained because "[d]rugs were never found at the time the gun was s[ei]zed" and thus he never "used or carried a firearm within the meaning of the statute." Mem. Supp. 2255 Mot. 7–8 (quotation marks omitted); *see also* 2255 Mot. 5 ("[W]hat drives this actual innocence claim is the fact that drugs were never found at the same time the gun was . . . found. . . . The gun and drugs were never possessed at the same time . . . ."). But his argument, as he seems to somewhat acknowledge, *see* Mem. Supp. 2255 Mot. 7, relies on stale or inapplicable law because there is no current requirement of contemporaneous possession or simultaneous discovery to run afoul of the statute. Instead, the Seventh Circuit, which rules this Court's interpretation of 18 U.S.C. § 924(c), has held that a defendant who receives a gun in exchange for drugs possesses a firearm in furtherance of drug trafficking and violates the statute. *See United States v. Doody*, 600 F.3d 752, 754–56 (7th Cir. 2010) ("[W]hen a defendant receives a gun for drugs, he takes possession of the firearm in a way that further[s] . . . the distribution of drugs . . . . If the defendant did not accept possession of the gun, and instead insisted on being paid fully in cash for his drugs, . . . some drug trafficking crimes . . . would not take place." (second alteration in original) (quotation marks and citation omitted)); *see also United States v. Dickerson*, 705 F.3d 683, 689 (7th Cir. 2013) ("In the courtrooms of this circuit, *Doody* is the law."). Simply put, "[r]eceiving a gun in exchange for drugs . . . qualifies as possession of a firearm in furtherance of a drug-trafficking crime." *United States v. Harper*, 934 F.3d 524, 528 (7th Cir. 2019) (quotation marks omitted). That was the conduct Petitioner admitted to here. Plea Agreement ¶ 26 (admitting that Petitioner received the revolver found in his vehicle "in exchange for three grams of ice methamphetamine and one hundred dollars").

Thus, Petitioner is not actually innocent of the 18 U.S.C. § 924(c) charge, because the conduct he admitted, and does not in this motion deny he has admitted or otherwise deny, falls within its scope. His actual innocence claim is without merit.

## III.  Certificate of Appealability

When a district court enters a final order adverse to an applicant, it must issue or deny a certificate of appealability. Rule 11(a), Rules Governing § 2255 Proceedings. A court can grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not made such a showing. The Court, therefore, declines to issue a certificate of appealability.

## CONCLUSION

Accordingly, Petitioner Lee Dwayne Gray's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("2255 Motion"), ECF No. 45 at 2–13, is DENIED. The Clerk is directed to enter judgment on the 2255 Motion and close the accompanying civil case, 4:23-cv-04044.

Entered this 23rd day of August, 2023.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE